MARTHA ELLEN CROKER *et al. v.* JOHN F. BROWN, *Judge, etc., et al.*

(No. 7569)

Submitted February 16, 1933.   Decided February 21, 1933.

*E. L. Maxwell,* for petitioners.
*Joseph J. Madden,* for respondents.

HATCHER, JUDGE:

Petitioners seek a writ of prohibition to prevent respondents from enforcing a judgment of the circuit court for $85.38 in favor of Warren H. Davis against them.

Davis secured a judgment of $72.36 against one James Campbell before a justice, and upon an execution issued thereon, an automobile in the possession of Campbell was seized and advertised for sale. Thereupon, petitioners, Martha E. Croker and C. L. Croker, trustee, filed a bill in the circuit court alleging that she was the beneficiary and he was the trustee under a trust deed in which Campbell conveyed to him the above automobile, and that the deed was recorded prior to the rendition of the judgment against Campbell; and praying that the sale of the car be enjoined, and the car placed

in the custody of the trustee. The court decreed accordingly, upon the giving of bond for $300.00, conditioned according to law. The bond was executed by the Crokers, with petitioner E. L. Maxwell as security thereon. Subsequently, the bill was dismissed on demurrer. The court then included in the judgment against petitioners for costs and statutory damages, the full amount of the judgment in favor of Davis against Campbell.

The ruling of the circuit court is based apparently on the provision of Code 1931, 53-5-12, as follows: ''When an injunction to stay proceedings on a judgment * * * is dissolved, * * * the court or judge * * * shall ascertain and enter in the decree of dissolution the amount of principal, interest, damages and costs, including officer's fees and commissions due on the judgment * * * at the date of the dissolution of the injunction.'' So far the statute would seem to sustain the lower court, but it proceeds: ''and shall award execution therefor against the defendant in the judgment * * * proceedings on which were enjoined.'' Campbell was the defendant in the judgment, proceedings on which were enjoined. Consequently, it is obvious that the above provisions would apply if Campbell, the judgment debtor, had secured the injunction, but not when strangers to the judgment, like the Crokers, have obtained it.

Counsel point to the requirement in Code, 53-5-9, that an injunction bond be conditioned to pay the judgment which is enjoined. This suit, however, is not a suit on the bond, and upon the mere dissolution of an injunction, a decree is entered under Code, 53-5-12, and not on the bond.

Therefore, the writ will issue, prohibiting the enforcement of so much of the judgment against petitioners as represents the judgment against Campbell.

*Writ issued.*